# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8475 | **DATE** | November 13, 2012 |
| **CASE TITLE** | Derrick Anderson (#2012-0809210) v. Donald McLaurin, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted and the initial filing fee is waived. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608 to facilitate compliance with the order. The complaint is, however, dismissed pursuant to 28 U.S.C. § 1915A. This case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, Derrick Anderson, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Chicago Police Officer Donald McLaurin, Cook County Circuit Court Judge Rosemary Grant Higgins, and the Cook County Jail. Plaintiff alleges that Defendant McLaurin subjected him to false arrest and has submitted false evidence and testimony in an effort to subject Plaintiff to malicious prosecution. He further alleges that Judge Rosemary Grant Higgins allowed the evidence to be entered into evidence in violation of his constitutional rights and is more generally unprofessional on the bench. Plaintiff also sues the Chicago Police Department presumably in a *respondeat superior* capacity, as Defendant McLaurin's employer. (*See* Plaintiff's complaint).

Plaintiff's motion to proceed *in forma pauperis* is granted. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting **(CONTINUED)**

AWL

| **STATEMENT** |

his factual allegations as true, Plaintiff has not stated a valid federal claim against any non-imune Defendant. In reaching this conclusion the court notes, first, that Plaintiff has alleged that he was arrested pursuant to a warrant. *See* p. 5 of Plaintiff's complaint. To establish § 1983 claims of false arrest and false imprisonment, a plaintiff must be able to demonstrate that he was arrested and held in custody without probable cause. *Morfin v. City of East Chicago*, 349 F.3d 989, 997 (7th Cir. 2003), *citing Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991) (the existence of probable cause is "an absolute bar to the plaintiff's claim for false arrest/imprisonment"). In the case of an outstanding arrest warrant, the warrant and body attachment establish probable cause for the arrest. *See United States v. Thornton*, 463 F.3d 693, 698 (7th Cir. 2006) (outstanding arrest warrant supports probable cause for arrest, whether or not it was correct).

As Plaintiff's state criminal proceedings appear to be ongoing, the unconstitutional conduct he alleges here may be challenged in state court, either on direct appeal or in post-conviction proceedings. A federal court may not interfere with state criminal proceedings, and abstention is appropriate when a plaintiff invokes federal jurisdiction for the purpose of restraining or otherwise interfering with state criminal proceedings. *See Younger v. Harris*, 401 U.S. at 53; *Douglas v. City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995). If his state court criminal proceedings were complete, any relief to which Plaintiff might be entitled would be through a petition for a writ of habeas corpus, and not a § 1983 action (assuming he can meet the requirements of 28 U.S.C. § 2254). *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Whitlock v. Johnson*, 153 F3d 380, 389 (7th Cir. 1998). The court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497,500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id*

To the extent Plaintiff is instead seeking damages arising from his prosecution, conviction, and sentence, any such claim is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Plaintiff may not contest the validity of his conviction or sentence by way of a civil rights action, and a finding that Defendants violated his rights by holding him beyond his release date would call into question the validity of his sentence. Thus, to the extent Plaintiff is seeking damages related to his conviction and sentence, he must successfully pursue *habeas* relief prior to suing Defendants for damages. The rule set forth in *Heck* applies with equal force to state law claims, and would therefore bar any attempt to present a claim of malicious prosecution in state court, as well. See *Lieberman v. Liberty Healthcare*, 408 Ill.App.3d 1102, 1111–12, 350 Ill.Dec. 593, 948 N.E.2d 1100, 1107 (2011) (dismissing plaintiff's state law malicious prosecution claim because the state judicial system, like the federal judicial system, does not permit collateral attacks on final criminal judgments).

Plaintiff's claim against Judge Higgins fails for the additional reason that a judge is immune from liabiltiy for civil damages for acts committed in the exercise of her judicial capacity. *Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362-63 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57; *see also Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) ("Of course her claims against the judges are barred; . . . they have absolute immunity from such damages claims") (citations omitted).

| STATEMENT |
|---|

.      For these reasons, the court dismisses the complaint pursuant to § 1915A. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. § 1915(g). If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).